IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01194-CNS-NRN

REBECCA WALDROP and
ASHLAN WALDROP,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF AGRICULTURE, Division of Animal Welfare – PACFA,
NICK FISHER, in his official and individual capacity,
KATHRYN ROMERO, in her official and individual capacity,
THREE UNNAMED AGENTS OF THE ARAPHOE COUNTY SHERIFF'S OFFICE,
in their official and individual capacities,
TWO UNNAMED AGENTS OF THE COLORADO DEPARTMENT OF AGRICULTURE,
in their official and individual capacities,
ONE UNNAMED AGENT OF ARAPAHOE COUNTY ANIMAL SERVICES, in their official
and individual capacities,

      Defendants.

---

## ORDER

---

      Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF #1]

Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 18. Plaintiffs Rebecca Waldrop and

Ashlan Waldrop responded, ECF No. 22, and Defendants replied, ECF No. 23. For the

following reasons, the Court GRANTS Defendants' motion.

## I.    BACKGROUND[1]

Plaintiffs bring this action under 42 U.S.C. § 1983 and Colorado law, alleging that the Colorado Department of Agriculture (CDA), through its Pet Animal Care Facilities Act (PACFA) division, and two of its employees, Defendants Nick Fisher and Kathryn Romero, violated their Fourth Amendment rights.

On August 22, 2023, Defendant Romero obtained an administrative search warrant authorizing inspection of Plaintiffs' residence after receiving information that more than fifteen dogs were housed there. *See, e.g.* ECF No. 1 (Compl.), ¶¶ 47, 49. The search conducted extended into private bedrooms and bathrooms, forcing Plaintiff's children to wait outside during the search. ECF No. 1, ¶¶ 48–49. On the same day, Defendant Romero issued a cease-and-desist order accusing Plaintiff Rebecca Waldrop of operating an unlicensed pet facility. *Id.*

On April 25, 2024, Defendants Fisher and Romero executed a second administrative search warrant at the same property to ensure the Plaintiffs had ceased operating an unlicensed pet facility. *Id.*, ¶ 54. Defendant Fisher directed Arapahoe County Sheriff's Office deputies to destroy the driveway chain leading into Plaintiffs' driveway, which was the chain on the gate to Plaintiffs' yard. *Id.*, ¶ 56. The deputies entered Plaintiff's home by destroying a window screen and window frame. *Id.* Once Plaintiffs arrived home, Defendants Fisher and Romero forced Plaintiffs and their children to stay outside for several hours as the search was conducted. ECF. No. 1, ¶ 58. Defendants

---

[1] The background facts are taken from the well-pleaded allegations in Plaintiffs' Complaint. *See* ECF No. 1; *Porter v. Ford Motor Co.*, 917 F.3d 1246, 1247 n.1 (10th Cir. 2019). A brief summary of Plaintiffs' allegations suffices.

Fisher and Romero searched Plaintiffs' home and briefly seized their electronic devices. ECF No. 1, ¶¶ 56, 58–61.

Defendants move to dismiss, principally arguing that (1) the Eleventh Amendment bars the claims against CDA and against Defendants Fisher and Romero in their official capacities; (2) the Complaint fails to state a Fourth Amendment claim; and (3) Defendants Fisher and Romero are entitled to qualified immunity in their individual capacities. ECF No. 18. The Court considers these arguments in turn.

## II.    ANALYSIS

### A. Subject Matter Jurisdiction and Eleventh Amendment Bar

#### 1.  Legal Standard for Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." A court lacking jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

#### 2.  Eleventh Amendment Bar to Exercising Jurisdiction

The Eleventh Amendment bars suits in federal court against a state or its agencies unless the state has waived its immunity from suit or Congress has validly abrogated it. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("[Section 1983] does not provide a federal forum for litigants who seek a remedy against a State . . . The Eleventh Amendment bars such suits unless the State has waived its immunity." (citation modified)).

3

Eleventh Amendment immunity is not absolute. One of the exceptions to Eleventh Amendment immunity is the *Ex parte Young* doctrine, which allows federal courts to grant prospective injunctive relief against state officials for ongoing violations of federal law. *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *MCI Telcoms. Corp. v. PSC*, 216 F.3d 929 (10th Cir. 2000). For the exception to apply, a plaintiff may bring suit against state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *Muscogee Creek Nation v. Pruitt*, 669 F.3d 1159, 1169 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). The exception is narrowly construed and does not extend to allegations of past conduct or speculative future harm. *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

### 3.  Analysis and Application of Legal Standard

Defendants first argue that the Court lacks subject matter jurisdiction of the claims against the Colorado Department of Agriculture and Defendants Fisher and Romero in their official capacities. ECF. No 18 at 5–8. Plaintiffs argue the Defendants "do not have absolute immunity under the Eleventh Amendment," and therefore there is no jurisdictional obstacle to the Court's consideration of their claims. ECF No. 22 at 6. The Court agrees with Defendants' argument that the CDA is an arm of the State of Colorado and therefore immune from suit. The same immunity extends to claims against Defendants Fisher and Romero in their official capacities because an official-capacity claim is, in substance, a suit against the State itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Resisting this conclusion, Plaintiffs point to allegations that Defendants continued to make "ongoing threats" and "ongoing constitutional searches and seizures . . ." ECF

No. 22 at 7; ECF No. 1, ¶¶ 77, 93. Plaintiffs rely on this "continuing threat" of future searches to invoke *Ex parte Young* and establish jurisdiction. ECF No. 22 at 6. Certainly, a threat of future *warrantless* searches can qualify as an ongoing violation of the Fourth Amendment. *See Community for Creative Non-Violence v. Unknown Agents of United States Marshals Service*, 797 F. Supp. 7, 14 (D.D.C. 1992). For instance, in *Community for Creative Non-Violence*, the plaintiffs faced an imminent risk of unconstitutional, warrantless intrusions by federal officers. *Id*. at 19 ("[B]ecause there is a real and immediate threat that the Marshals Service will repeat its constitutionally impermissible conduct, the Court will enjoin the Marshals from conducting warrantless [searches]."). *Cf. Satkowiak v. Marshall*, 771 F.Supp.3d 937, 947 (E.D. Mich. 2025) ("[A]llegations of possible future injury are not sufficient." (citation modified)). In contrast, the searches alleged here were conducted pursuant to valid administrative warrants issued by a neutral magistrate under PACFA, and, even drawing inferences from the Complaint in their favor, Plaintiffs allege only *the possibility* of similar warranted searches in the future. ECF No. 1, ¶ 77 (alleging PACFA "continues to *express threat* of legal action against R. Waldrop if she keeps more than 15 dogs or cats in her home" (emphasis added)).

Further, to survive Defendants' challenge Plaintiffs must show that the relief requested is prospective in nature, such as injunctive or declaratory relief, rather than retroactive monetary damages. *See Chilcoat v. San Juan Cnty.,* 41 F.4th 1196, 1213 (10th Cir. 2022). Here, and bolstering the Court's conclusion that it lacks the ability to exercise jurisdiction over their claims, Plaintiffs are seeking compensatory damages for their claim against the CDA and Defendants Fisher and Romero in their official capacities. *See* ECF No. 1 at 23.

Additionally, Defendants argue that Plaintiffs' theory of ongoing harm based on the assertion that PACFA should not apply to them raises a state-law dispute rather than a federal constitutional issue and should be dismissed. ECF No. 23 at 3. Federal courts may not instruct state officials how to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). *See also Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1146 (D. Kan. 2019) ("The *Ex parte Young* exception does not apply to suits against states and their agencies, which are barred regardless of the relief sought." (citation modified)). Thus, the Court agrees with Defendants that the *Ex parte Young* exception does not apply to the claims asserted against them in their official capacities.

Moreover, the Court agrees with Defendants that to the extent Plaintiffs challenge the validity of PACFA enforcement proceedings or orders issued by CDA, they were first required to exhaust available administrative remedies under state law. ECF No. 18 at 6; ECF No. 23 at 3. *See, e.g., City and Cnty. of Denver v. United Air Lines, Inc.*, 8 P.3d 1206, 1212–13 (Colo. 2000). Reviewing Plaintiffs' complaint confirms that Plaintiffs do not allege that they pursued or completed such procedures. ECF No. 1. Their failure to exhaust those remedies provides an additional basis for dismissal of the CDA and the official-capacity claims under Rule 12(b)(1). *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (holding the district court properly dismissed plaintiff's claims because he failed to exhaust his administrative remedies).

Because the alleged future harm depends on possible warrant-based enforcement actions, not ongoing or imminent warrantless searches, Plaintiffs have not alleged an

ongoing violation of federal law. The *Ex parte Young* exception therefore does not apply, and the Eleventh Amendment bars Plaintiffs' claims against the CDA and against Defendants Fisher and Romero in their official capacities, leaving this Court with no subject matter jurisdiction over Plaintiffs' first claim. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (affirming the district court's dismissal of plaintiff's Section 1983 claims because of defendant's Eleventh Amendment immunity, leaving the court with no subject matter jurisdiction over those claims). The Court's conclusion is bolstered by Plaintiffs' failure to exhaust, discussed above.

## B. Fourth Amendment and Qualified Immunity (Individual Capacities)

Defendants move to dismiss on qualified immunity grounds Plaintiff's remaining claims against Defendants in their individual capacities. After laying out the governing legal standard, the Court addresses this argument, ultimately agreeing with Defendants.

### 1. Legal Standard for Motion to Dismiss

Under Federal Procedure of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate only if the complaint is implausible on its face. *Mengert v. United States*, 120 F.4th 696, 711 (10th Cir. 2024) (citing *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019)). A claim is facially plausible if the plaintiff pleads factual allegations that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the "court accepts as true all well pleaded factual allegations in [the] complaint and views those allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018). However, "legal conclusions"

contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

### 2. Qualified Immunity

Once, as here, a defendant asserts qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant's conduct violated a constitutional right, and (2) that the right was clearly established at the time of the alleged violation, such that every reasonable official would have understood that the conduct constituted a violation of that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Explained below, Plaintiffs have not met the burden of overcoming Defendants' assertion of qualified immunity.

In this case, the first prong requires Plaintiffs to show that Defendants' actions amounted to a violation of the Fourth Amendment, resulting in an unreasonable search. *Estate of Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020). The second prong requires Plaintiffs to establish that the constitutional right was clearly established at the time of the incident, meaning that existing precedent, either from the Supreme Court or the Tenth Circuit, must have "found the law to be as the plaintiff maintains." *Id.* If Plaintiffs fails to satisfy either prong, the defendant is entitled to qualified immunity, shielding them from liability. *Ashcroft*, 563 U.S. at 735.

Plaintiffs fail to meet the first prong. Plaintiffs fail to sufficiently allege a constitutional violation because both searches were conducted under valid administrative warrants issued by a neutral magistrate. *See, e.g.,* ECF No. 18, Exh. A.[2] *Cf.* ECF No. 1,

---

[2] The Court takes judicial notice of this document submitted in connection with Defendants' dismissal motion. *See, e.g., Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

¶ 44 (alleging Defendant Romero "obtained an administrative search warrant" and that the "warrant authorized a search").

Even if Plaintiffs alleged a constitutional violation, they fail the second, *clearly established* prong of qualified immunity. Plaintiffs cite no Supreme Court or Tenth Circuit authority holding that executing a judicially issued administrative warrant under a state regulatory statute violates the Fourth Amendment. ECF No. 1; ECF No. 22. The Supreme Court has emphasized that clearly established law must be "particularized" to the facts and that "general statements of the law" are insufficient. *White v. Pauly*, 580 U.S. 73, 79 (2017); *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Plaintiffs' generalized assertion that unreasonable searches are unconstitutional does not place the alleged unreasonableness of PACFA inspections "beyond debate." *Ashcroft*, 563 U.S. at 741.

For these reasons, Defendants Fisher and Romero are entitled to qualified immunity as to the individual capacity claims. Accordingly, the Court need not address the parties' arguments as to the plausibility of Plaintiffs' individual capacity claims.[3] *See, e.g., Liu v. Salt Lake Cmty. Coll.*, No. 2:21-cv-00608-CMR, 2025 WL 384615, at *8 (D. Utah Feb. 3, 2025); *Watkins v. Session*, No. 19-60810-CIV, 2022 WL 16745386, at *9 n.12 (S.D. Fla. Nov. 7, 2022), *aff'd*, No. 22-14070, 2023 WL 8469704 (11th Cir. Dec. 7, 2023) ("Defendants are entitled to qualified immunity, [so] we needn't reach the merits of these claims." (citation modified)).

---

[3] For the first time in their Response, Plaintiffs argue that their "Fourth and Fourteenth Amendment rights are violated if officers make a false statement in an affidavit in support of a search warrant." ECF No. 22 at 14. However, Plaintiffs made no such allegations in their Complaint, and the Court cannot consider arguments in documents outside the Complaint as allegations. *See, e.g., Alcohol Monitoring Sys. V. Actsoft, Inc.*, 682 F.Supp.2d 1237, 1242 (D. Colo. 2010) ("[A] party generally may not raise an issue for the first time in a reply brief."). Moreover, arguments raised for the first time in a response are waived. *See id.*

### III.    CONCLUSION

Consistent with the above analysis, Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF #1] Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF No. 18, is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs may, should they choose to do so, and believe they can cure the above deficiencies in their allegations, file an amended complaint within 14 days of this Order.

DATED this 10th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge